UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-4549-RAO Date: August 27, 2026
Title: Pollawat Kulee v. Warden, Adelanto ICE Processing Center, et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Pollawat Kulee, a citizen of Thailand, was detained and arrested on August 10, 2026, by immigration authorities at Los Angles International Airport as he entered a TSA security checkpoint where he intended to board a domestic flight. Dkt. No. 1 ("Pet.") at 2. Prior to this detention, Petitioner was lawfully inspected and admitted into the United States on May 12, 2019. *Id*. Petitioner is the spouse of a United States citizen and has a pending Form I-130, Petition for Alien Relative, and Form I-485, Application to Register Permanent Residence or Adjust Status. *Id*. To Petitioner's knowledge, he has not been served with a Notice to Appear and no removal proceedings have been initiated. *Id*. Further, Petitioner has not been presented before an immigration judge.

On August 12, 2026, represented by counsel, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241. *See generally* Pet. The Petition claims that Petitioner's detention in these circumstances violates the Immigration and Nationality Act ("INA") and constitutional due process. *Id*. at 2-3. The Petition seeks relief in the form of Petitioner's immediate release or, alternatively, an order that he be provided with a prompt individualized custody determination under 8 U.S.C. § 1226(a).

Respondents filed their Answer on August 19, 2026. Dkt. No. 8 ("Ans."). The Answer states that Petitioner appears entitled to request and receive an initial bond hearing under Section 1226(a) pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. 2026). *Id*. at 1-2. While Respondents assert that Petitioner should request a bond hearing before the immigration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-4549-RAO Date: August 27, 2026
Title: Pollawat Kulee v. Warden, Adelanto ICE Processing Center, et al.

court before pursuing relief before this Court, they submit that if a bond hearing is ordered, the order should be consistent with what other courts in this District have generally required—which is ordering a Section 1226(a) hearing be provided within seven days. *Id*. at 2-3.

Petitioner did not file a Reply.

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *see Magan Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (Section 2241 "expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.") (citing *Henderson v. I.N.S.*, 157 F.3d 106, 122 (9th Cir. 1998)).

In light of Respondents' acknowledgement that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a), the Court GRANTS IN PART the Petition and orders that Petitioner be provided with an individualized bond hearing under Section 1226(a). The Court notes that the Petition expressly requested, as an alternative form of relief, that Respondents be ordered to provide Petitioner with a bond hearing before an immigration judge. Pet. at 14. Second, the Court finds that the specific harm Petitioner suffered—due process violations and a violation of the INA are remedied by ordering Respondents to provide Petitioner a bond hearing. *See S.E. v. Noem*, No. CV 26-356-DAD (SCR), 2026 WL 206085, at *4 n. 3 (E.D. Cal. Jan. 27, 2026) (concluding that analysis of factors under *Mathews v. Elridge,* 424 U.S. 319 (1976), warrants the remedy of a post-deprivation bond hearing); *Rodriguez Vazquez*, 2026 WL 2196424, at *5 (9th Cir. 2026) (noncitizens in the country who are detained in the interior are subject to detention under Section 1226 and entitled to a bond hearing).

Accordingly, the Court ORDERS that Respondents are ENJOINED from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order. Further, Respondents are ORDERED to file a status report within 10 days attesting to compliance with the Court's order.

**IT IS SO ORDERED.**